

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-25-00298-CR
No. 07-25-00299-CR
No. 07-25-00300-CR
No. 07-25-00301-CR
No. 07-25-00302-CR

**CODY LEE COCHRAN, APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

On Appeal from the 223rd District Court
Gray County, Texas
Trial Court Nos. 11985, 11986, 11987, 11988, & 12811
Honorable Phil N. Vanderpool, Presiding

April 28, 2026

## ORDER OF ABATEMENT AND REMAND

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Cody Lee Cochran, appeals from two convictions for continuous sexual abuse of a child,[1] two convictions for prohibited sexual conduct,[2] and one conviction for

---

[1] *See* TEX. PENAL CODE § 21.02(b).

[2] *See* TEX. PENAL CODE § 25.02.

possession of child pornography.[3]   The trial court sentenced Appellant to ninety-nine years of confinement for each continuous sexual abuse conviction and ten years of confinement for each of the remaining convictions.   The clerk's record and reporter's record have been filed.  However, the reporter's record does not include State's Exhibits 22, 23, and 24.   The court reporter has advised this Court that these exhibits are encrypted by the FBI and cannot be accessed or reviewed without FBI encryption software.  They are presently maintained on file with the district clerk.

Because the appellate record is incomplete in a manner that prevents meaningful review, we abate the appeal and remand the cause to the trial court for further proceedings.  On remand, the trial court shall require the State to provide accessible, reviewable copies of State's Exhibits 22, 23, and 24, that can be transmitted to and examined by this Court and Appellant without the need for FBI Encryption Software.  The trial court shall further direct the court reporter to file the accessible exhibits with the Clerk of this Court by May 28, 2026.

If the State is unable to provide the de-encrypted exhibits or otherwise accessible versions of the exhibits, the trial court shall conduct a hearing in accordance with Rule of Appellate Procedure 34.6(f) to determine whether the exhibits are functionally lost or destroyed.  *See Herrera v. State*, No. 13-22-00352-CR, 2024 Tex. App. LEXIS 2857, at *13–14 (Tex. App.—Corpus Christi Apr. 25, 2024, no pet.) (mem. op.) (doing same); *Mendoza v. State*, No. 07-14-00034-CR, 2014 Tex. App. LEXIS 6485, at *2–3 (Tex. App.—Amarillo June 16, 2014, no pet.) (per curiam) (remanding appeal for findings

---

[3] *See* TEX. PENAL CODE § 43.26(d).

2

pursuant to Rule 34.6(f)).  Following such a hearing, the trial court shall enter findings of fact on the aforementioned matters and include its findings in a supplemental record to be filed with this Court by May 28, 2026.

It is so ordered.

Per Curiam

Do not publish.

3